IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jose Francisco Ruiz Acosta,<br><br>　　　　Petitioner,<br>　v.<br><br>United States of America,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | NO. C 12-02261 EJD<br>NO. CR 09-0454 EJD<br><br>**ORDER DISMISSING PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 WITH PREJUDICE; DENYING MOTION FOR TIME REDUCTION; DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court are Petitioner's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence[1] and for Time Reduction.[2] The Court considers each Motion in turn.

**A.　　Motion Pursuant to 28 U.S.C. § 2255**

Petitioner moves for a reduction in sentence pursuant to § 2255 on the basis of ineffective assistance of counsel. (Motion at 4.) As a preliminary matter, the Court first examines whether the Petition is timely.

Title 28 U.S.C. § 2255 provides that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011) (citing 28 U.S.C. § 2255(f)(1)). A criminal defendant "must file a notice of appeal with the district court

---

[1] (hereafter, "Motion," Docket Item No. 46 in No. CR 09-0454 EJD.) All subsequent docket citations are to the criminal case, CR 09-0454 EJD.

[2] (hereafter, "Reduction," Docket Item No. 48.)

within fourteen days of the entry of judgment." United States v. Graham, No. CR 06-00725 SI, 2010 WL 5056189, at *1 (N.D. Cal. Dec. 6, 2010) (citing Fed. R. App. P. 4(b)(1)(A)(I)). "If a criminal defendant fails to file a notice of appeal within fourteen days and does not establish excusable neglect, the judgment is final." Garcia v. United States, No. SACV 12-0492 DOC, 2012 WL 3217707, at *3 (C.D. Cal. Aug. 3, 2012).

Here, the record shows that on January 14, 2010, judgment was entered against Petitioner. (See Docket Item No. 39.) The record indicates that Petitioner did not file a notice of appeal of the January 14 Judgment. Accordingly, the Judgment became final fourteen days after it was entered, i.e., on January 28, 2010. Graham, 2010 WL 5056189, at *1. However, Petitioner did not file the present Motion until May 4, 2012, i.e., over two years after his Judgment became final. (See Motion.) Accordingly, as the present Motion was filed well beyond the one-year limitations period for § 2255 motions, Petitioner's Motion is untimely. Buckles, 647 F.3d at 887.

Moreover, although the one-year limitations period may under certain circumstances be tolled–in particular, if the petitioner shows that "some extraordinary circumstance" caused his untimeliness[3]–the present Motion does not contend that any such "extraordinary circumstance" exists in this case. In fact, as to why he did not appeal or file this Motion on a timely basis, Petitioner only vaguely states, "I did not appeal for the reason that my counsel not explain nothing about if I has [sic] right to appeal." (Motion at 4.) Even if this statement were true, it is bellied by the fact that the Court, in sentencing Petitioner, reminded Petitioner of his rights to appeal. (See Docket Item No. 38 and Record of Sentencing.)

Accordingly, the Court DENIES Petitioner's 2255 Motion as untimely.

**B.    Motion for Time Reduction**

In the alternative, Petitioner seeks a reduction in his 63 months sentence on the ground that he was discriminated based on his non-citizenship status. (Reduction at 2.) Petitioner contends that a United States citizen is entitled to one year reduction of sentence through a drug program during

---

[3] Buckles, 647 F.3d at 889.

2

1 his incarceration and an early release to a half-way house. (Reduction 1-2.) The Court finds that there is no legal or factual basis for Petitioner contentions. In fact, in its Judgment, the Court had recommended to the Bureau of Prisons ("BOP") that Petitioner be allowed to participate in its Residential Drug Abuse Treatment Program. (See Judgment at 2, Docket Item No. 39.) There is no statutory requirement that a defendant who elects to participate in the BOP's drug abuse treatment program receive a year reduction in his sentence.

Accordingly, the Court DENIES Petitioner's Motion for Time Reduction.

## C. Certificate of Appealability

At issue is whether the Court should issue a certificate of appealability.

In a § 2255 proceeding, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b). Such certification may issue "only if [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

To satisfy the § 2253(c)(2) standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). When a petition is denied based on procedural grounds without reaching the merits of the claim, a certificate of appealability shall be issued if the petitioner makes two showings. See Slack, 529 U.S. at 484-85. First, a petitioner must show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. Second, a petitioner must show that reasonable jurists would "find it debatable whether the district court was correct in its procedural ruling." Id. Both showings are required before a certificate of appealability will be issued. See Lambright v. Stewart, 220 F.3d 1022, 1026-27 (9th Cir. 2000).

Here, Petitioner does not satisfy the standard for a certificate of appealability for a denial of constitutional rights or on procedural grounds. In particular, Petitioner has not made any showing of

1 a denial of a constitutional right. Therefore, the Court finds that reasonable jurists would not find 2 the Court's conclusions "debatable."

Accordingly, the Court finds that Petitioner has not made the required showing for a certificate of appealability.

**D.     Conclusion**

The Court DISMISSES Petitioner's Motion for Writ of Habeas Corpus Pursuant to § 2255 with prejudice. The Court DENIES Petitioner's Motion for Time Reduction. No certificate of appealability shall be issued for this appeal. Judgment shall be entered accordingly.

Dated: 9/20/2012

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jose Francisco Ruiz Acosta
Reg13101-111-C09-02L
Reeves County Detention Center
PO Box 2038
Pecos, TX 79772

Dated: September 20, 2012    Richard W. Wieking, Clerk

By: *Elizabeth C Garcia*
    **Elizabeth Garcia**
    **Courtroom Deputy**